(No. 77-CC-0208–)

JOHN W. EVANCHUK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 21, 1980.*

JOHN EVANCHUK, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (PAUL M. SENG-PIEHL, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim for $185.05 in travel expenses incurred by Claimant during the months of February 1973, through June 1973, inclusive.

Commencing in November 1972, and during 1973, Claimant was a VISTA volunteer in a program designed to help with the problems of senior citizens in Cook County, Illinois, who did not speak English.

The project is currently known as Project Senior Ethnic Find, has a director and 23 VISTA volunteers, and covers ten ethnic communities in Chicago and one in Rockford, Illinois. When the program originated (during Governor Ogilvie's tenure), it was assigned to the Governor's Office of Human Resources. During Governor Walker's term it was assigned to the Governor's Action Offices. At the present time it is administered by the Illinois Department on Aging.

The current director, Leo Kazaniwisky, testified on behalf of Claimant as follows:

"The arrangements that we have are that the Federal Government supplies VISTA volunteers to the project. That means that the Federal Government is

responsible for paying them a stipend and a living allowance, which comes to me as sponsor, and I pass it out to the individual VISTA volunteers."

"The State assumes a responsibility for paying for travel, telephones, if necessary, if we can't get communities to donate that kind of money, mimeograph, printing, xeroxing or any other costs that are necessary to maintain the program's operation in the ethnic communities of Chicago and Rockford."

Claimant, 73 years old and of Ukrainian background, worked with the Ukrainian senior citizens in Chicago. Claimant's travel voucher for the month of January 1973, was paid by the State (Claimant's Exhibit A). His travel vouchers for the months of July 1973, through December 1973, were paid by the State (Claimant's Exhibit B-6). However, the travel vouchers submitted by him for the months of February 1973, through June 1973, were never paid.

Striking from his claim the sum of $9.35 for lunches not authorized by the travel regulations in force in 1973, it appears on the face of the record that Claimant has a valid claim for $175.70 mileage.

In a closing argument the Attorney General took the position that Claimant had the burden of proving as part of his prima facie case that during the time in question there was an appropriation for travel and that it had not run out at the time Claimant submitted his vouchers.

Such matters would not be part of Claimant's prima facie case but would be matters of affirmative defense to be proved by the State. The State acknowledged that it was unable to prove its defense.

Two fellow employees of Claimant called as witnesses on his behalf testified that their travel vouchers for the months in question were paid.

An award is hereby entered in favor of Claimant in the amount of $175.70.